# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RAKEBIA QUJUAN DANIELS,
ADC #754266                                                                                    PLAINTIFF

V.                                          5:14CV00440 SWW/JTR

ARKANSAS DEPARTMENT OF
COMMUNITY CORRECTION, et al.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

   Mail any objections to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Rakebia QuJuan Daniels, is a prisoner in the McPherson Unit of the Arkansas Department of Correction. She has filed this *pro se* § 1983 action alleging that Defendants failed to provide her with constitutionally adequate medical care. *Doc. 2*. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, as being barred by the statute of limitations.[1]

## II. Discussion

On December 29, 2014, Plaintiff initiated this § 1983 action. *Doc. 2*. In her Complaint, she alleges that, from June to August of 2009, Defendants failed to provide her with constitutionally adequate medical for a vaginal cyst. *Doc. 2*.

The statute of limitations for filing a § 1983 action arising in Arkansas is three years. *Wallace v. Keto*, 549 U.S. 384, 387 (2007); *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007); *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001). Thus, Plaintiff was required to file her complaint raising her inadequate medical care claims

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

on or before August of 2012. Because she waited until December 29, 2014, to file her Complaint, the statue of limitation now bars all of the inadequate medical care claims she has asserted against all Defendants. *See Myers v. Vogal*, 960 F.2d 750 (8th Cir. 1992) (explaining that a district court may, *sua sponte,* dismiss an *in forma pauperis* case as "frivolous" when it is apparent from the face of the complaint that the statute of limitations has run); *Housley v. Erwin,* Case No. 08-1732, 2009 WL 1444182 (8th Cir. May 26, 2009) (unpublished opinion) (same).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The Complaint *(Doc. 2)* be DISMISSED, WITH PREJUDICE, as being frivolous.

2. The dismissal be counted as a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this _25th_ day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE